WK:PN/EEA
F. #2015R02083

FILED
CLERK

2017 NOV -9  PM 3:49

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – X

UNITED STATES OF AMERICA

   - against -

GHANSHYAM BHAMBHANI,

          Defendant.

– – – – – – – – – – – – – – – X

I N D I C T M E N T

Cr. No. _____
(T. 18, U.S.C., §§ 371, 982(a)(7),
982(b)(1), 2 and 3551 et seq.;
T. 21, U.S.C., § 853(p)); T. 42,
U.S.C., § 1320a-7b(b)(2))

CR 17 626

AMON, J.

GOLD, M.J.

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.   Background

   A.   The Medicare and Medicaid Programs

       1.   The Medicare program ("Medicare") was a federal health care program providing benefits to persons who were 65 years old or disabled. Medicare was administered by the Centers for Medicare & Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services. Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

       2.   The New York State Medicaid program ("Medicaid") was a federal and state health care program providing benefits to individuals and families who met specified financial and other eligibility requirements, and to certain other individuals who lacked adequate resources to pay for medical care. CMS was responsible for overseeing the Medicaid program in participating states, including New York. Individuals who received benefits under Medicaid

were similarly referred to as Medicaid "beneficiaries." Medicaid managed care plans contracted with Medicaid for a set payment per member per month for providing Medicaid health benefits to Medicaid beneficiaries.

3.     Medicare and Medicaid were each a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

4.     Medicare included coverage under two primary components, hospital insurance ("Medicare Part A") and medical insurance ("Medicare Part B"). Generally, Medicare Part A covered the costs of physicians' services for procedures and tests conducted within a hospital or affiliated facility and inpatient care. Medicare Part B covered the costs of physicians' services and outpatient care. Generally, Medicare Part B covered these costs only when, among other requirements, the services were medically necessary, ordered by a physician, actually rendered and not induced by the payment of remuneration.

5.     Medicaid covered the costs of medical services and products ranging from routine preventive medical care for children to institutional care for the elderly and disabled. Generally, Medicaid covered these costs only if, among other requirements, the services were medically necessary, ordered by a physician, actually rendered and not induced by the payment of remuneration.

6.     In order to bill Medicare and Medicaid for the cost of treating Medicare and Medicaid beneficiaries and providing related benefits, items and services, medical providers and suppliers were required to apply for and receive a provider identification number ("PIN") or provider transaction access number ("PTAN") from each program. The PIN/PTAN allowed medical providers and suppliers to submit bills, known as claims, to Medicare and Medicaid to

obtain reimbursement for the cost of treatment and related health care benefits, items and services that they had supplied or provided to beneficiaries.

7.      A medical provider was required to be enrolled in Medicare and Medicaid in order to submit claims.   In order to enroll in the Medicare program, a medical provider was required to enter into an agreement with CMS in which the provider agreed to comply with all applicable statutory, regulatory and program requirements for reimbursement from Medicare. By signing the Medicare enrollment application, the provider certified that the provider understood that payment of a claim was conditioned on the claim and the underlying transaction complying with Medicare regulations, Medicare program instructions and the law, and on the provider's compliance with all applicable conditions of participation in Medicare.  A similar agreement was required of medical providers enrolled in the Medicaid program and Medicaid managed care plans.

8.      Medical providers and suppliers were authorized to submit claims to Medicare and Medicaid only for services that were medically necessary, actually rendered and not induced by payment of a kickback.

9.      To receive reimbursement from Medicare for covered services and items, medical providers were required to submit claims, either electronically or in writing, through Forms CMS-1500 or Forms UB-92.  To receive reimbursement from Medicaid for covered services, medical providers were required to submit claims, either electronically or in writing, through New York State eMedNY-150003 Claim Forms.  Each claim form required medical providers to identify, among other information, the medical provider submitting the claim, the medical provider rendering the service, the referring physician, the patient and the services

3

rendered.  Each claim form required the provider to certify, among other things, that the services were not induced by kickbacks, were rendered to the patient and were medically necessary.

      10.    Providers submitted claims to Medicare and Medicaid using billing codes, also called current procedural terminology or "CPT" codes, which specifically identified the medical services provided to beneficiaries.

    B.    <u>The Defendant</u>

      11.    The defendant GHANSHYAM BHAMBHANI was a physician licensed to practice cardiology in New York State.  BHAMBHANI graduated from the Sawai Man Singh Medical College, in the state of Rajasthan, India, in 1989.  BHAMBHANI was the sole owner of New York Cardiology, P.C., an entity with more than five employees that purported to provide cardiology-related medical care.  New York Cardiology's main office was located at 107-06 Liberty Avenue, Ozone Park, New York 11417.  BHAMBHANI also used office space within various internal and family medicine physicians' offices in Brooklyn and Queens, New York.

II.    <u>The Fraudulent Scheme</u>

      12.    Between approximately July 2012 and January 2013, the defendant GHANSHYAM BHAMBHANI: (a) artificially and corruptly increased demand for medical services by making kickback payments to a co-conspirator, Physician-1, an individual whose identity is known to the Grand Jury, to induce Physician-1 to refer beneficiaries to BHAMBHANI for cardiac testing and procedures; and (b) submitted and caused to be submitted to Medicare and Medicaid managed care plans and other health care benefit programs claims for cardiac testing and procedures that BHAMBHANI knew were induced by kickback payments to referring physicians.

## COUNT ONE
### (Conspiracy to Pay Health Care Kickbacks)

13.     The allegations contained in paragraphs one through 12 are realleged and incorporated as if fully set forth in this paragraph.

14.     In or about and between July 2012 and January 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant GHANSHYAM BHAMBHANI, together with others, did knowingly and willfully conspire to offer and pay kickbacks, directly and indirectly, overtly and covertly, to persons to induce such persons to refer Medicare and Medicaid beneficiaries to BHAMBHANI for the furnishing and arranging for the furnishing of items and services for which payment may be made in whole and in part under Medicare, contrary to Title 42, United States Code, Section 1320a-7b(b)(2).

15.     In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant GHANSHYAM BHAMBHANI, together with orders, committed and caused to be committed, among others, the following:

### OVERT ACTS

(a)     On or about July 17, 2012, BHAMBHANI wrote check number 4005 in the amount of $1,500 payable to Physician-1 and drawn on Bank of America account number ending in 4639 held in the name of New York Cardiology, P.C., with a notation on the memo line: "Rent office [Physician-1]."

(b)     On or about August 12, 2012, BHAMBHANI wrote check number 4057 in the amount of $1,500 payable to "Cash" and drawn on Bank of America account number ending in 4639 held in the name of New York Cardiology, P.C., with a notation on the memo line: "[Physician-1] Office Rent."

      (c)     On or about January 24, 2013, BHAMBHANI wrote check number 4332 in the amount of $3,000 payable to "Cash" and drawn on Bank of America account number ending in 4639 held in the name of New York Cardiology, P.C., with a notation on the memo line: "Rent Office [Physician-1]."

      (Title 18, United States Code, Sections 371 and 3551 et seq.)

COUNTS TWO THROUGH EIGHT
(Paying Health Care Kickbacks)

     16.    The allegations contained in paragraphs one through 12 are realleged and incorporated as if fully set forth in this paragraph.

     17.    On or about the dates set forth below, within the Eastern District of New York and elsewhere, the defendant GHANSHYAM BHAMBHANI, together with others, did knowingly and willfully offer and pay kickbacks, directly and indirectly, overtly and covertly, to a person to induce such person to refer Medicare and Medicaid beneficiaries to BHAMBHANI for the furnishing of and arranging for the furnishing of items and services for which payment may be made in whole and in part under Medicare:

| Count | Date | Kickback |
|---|---|---|
| TWO | July 17, 2012 | Payment by check number 4005 in the amount of $1,500 payable to Physician-1 |
| THREE | August 15, 2012 | Payment by check number 4057 in the amount of $1,500 payable to "Cash". |
| FOUR | September 26, 2012 | Payment by check number 4124 in the amount of $1,500 payable to Physician-1 |
| FIVE | October 15, 2012 | Payment by check number 4186 in the amount of $1,500 payable to Physician-1 |
| SIX | November 27, 2012 | Payment by check number 3992 in the amount of $1,500 payable to Physician-1 |
| SEVEN | December 5, 2012 | Payment by check number 4247 in the amount of $3,000 payable to Physician-1 |

6

| Count | Date | Kickback |
|-------|------|----------|
| EIGHT | January 24, 2013 | Payment by check number 4332 in the amount of $3,000 payable to "Cash" |

(Title 42, United States Code, Section 1320a-7b(b)(2); Title 18, United States Code, Sections 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATIONS
AS TO COUNTS ONE THROUGH EIGHT

18.     The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts One through Eight, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(7), which requires any person convicted of a federal health care offense to forfeit property, real or personal, that constitutes, or is derived directly or indirectly from, gross proceeds traceable to the commission of such offenses.

19.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as

incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other

property of the defendant up to the value of the forfeitable property described in this forfeiture

allegation.

(Title 18, United States Code, Sections 982(a)(7) and 982(b)(1); Title 21, United

States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
BRIDGET M. ROHDE
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

8

FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

## EASTERN *District of* NEW YORK

## CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

*GHANSHYAM BHAMBHANI,*

Defendant.

# INDICTMENT

(T. 18, U.S.C. §§ 371, 982(a)(7), 982(b)(1), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p)); T. 42, U.S.C. §1320a-7b(b))

*A true bill.*

_____

*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____

*Clerk*

*Bail, $* _____

**Erin Argo, Assistant U.S. Attorney (718) 254-6049**