*Peter Toumbekis*
*Attorney at Law*
*526 Monroe Street*
*Brooklyn, NY 11221*

(917) 325-3574

Fax: (718) 443-3782

April 23, 2018

The Honorable Carol Bagley Amon
United States Magistrate Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

RE:   **United States v. Ghanshyam Bhambhani**
      **17 Cr. 626**

Dear Judge Amon:

    We write in reference to the sentencing of Ghanshyam Bhambhani, currently scheduled for May 7, 2018, at 10:00 AM. For reasons which follow, including Mr. Bhambhani's good faith cooperation, we respectfully request a sentence that is outside of the guidelines and is as lenient as possible.

## I. OBJECTIONS TO PSR

    Bellow are the objections that Defendant, Ghanshyam Bhambhani, has regarding the Presentence Investigation Report (PSR) dated April 9, 2018.

    The Defense respectfully disagrees with the PreSentence Investigation Report which states that "The defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice by attempting to flee prosecution subsequent to arrest for the instant offense and while on bond release." (PSR pg. 8, par. 18). The Defense also respectfully disagrees with the PreSentence Investigation Report conclusion that "…the defendant has not clearly demonstrated acceptance of responsibility for the offense" (PSR pg. 10, par. 32) and that an "Adjustment of Obstruction of Justice" should be added (PSR pg. 10, par. 29).

    It is respectfully submitted that the conduct which the PreSentence Investigation Report attributes to the Defendant in order to support a finding to add an "Adjustment of Obstruction of Justice" and to negate Defendant's "Acceptance of Responsibility" is unwarranted and unfounded because the Defendant's cited conduct did not obstruct nor impede "the investigation, prosecution, or sentencing of the instant offense of conviction." Of note, when the Defendant was taken into custody on October 31, 2018 on the Bail Violation, the Defendant had an appointment, which was previously scheduled, with the Government for a continued Proffer meeting that was scheduled to take place that same week.

In U.S. v. Woodard, 239 F.3d 159 (2d Cir. 2001), the Court found that the defendant did obstruct justice and did not apply a section 3C1.1 increase for obstruction of justice when the defendant had left the jurisdiction in violation of his terms of release, was arrested and jailed in another state for drunk driving and as a result was not available for any Federal court date. The Second Circuit held that the Court's finding that the defendant "knowingly and willfully" violated the terms of his release by leaving the jurisdiction was not a finding of specific intent to obstruct justice."

In U.S. v. Belletiere, 971 F.2d 961 (3rd Cir. 1992), the Third Circuit rejected an enhancement for obstruction of justice based in part upon the defendant's misrepresentation to his probation officer because the defendant's acts and statements did not willfully obstruct or impede the Government's investigation of the offense at issue.

Similarly, the conduct attributed to Mr. Bhambhani (PSR pg. 8, par. 19-20), which resulted in the revocation of his bond and remand to custody, did not willfully impede or obstruct the Government's investigation, prosecution or sentencing of the instant offense of conviction. Accordingly, it is respectfully submitted that there should be no enhancement for obstruction of justice and Mr. Bhambhani's acceptance of responsibility should not be negated.

## II. OFFENSE LEVEL CALCULATION

We standby and ask the Court to adopt the calculations that were stated in a Plea Agreement entered into on February 12, 2018, between the Government and the defendant.

Base Offense Level: (U.S.S.G § 2B4.1(a))..........................................................................................8

Specific Offense Characteristic: (U.S.S.G § 2B1.1(b)(1)(I)):.......................................................+16

Abuse of Position of Trust: (U.S.S.G § 3B1.3)................................................................................+2

Acceptance of Responsibility: U.S.S.G § 3E1.1(a)...........................................................................-2

Timely Acceptance of Responsibility: U.S.S.G. §3E1.1(b).............................................................-1

Total Offense Level Calculation..........................................................................................23

Based on the above offense level calculations and that the defendant has a Criminal History Category of I, this finding would yield a guideline sentencing range of 46-57 months.

## III. DEPARTURES

### A. The section 3553 factors as applied in this case warrant a downward departure

As this Court is well aware, the U.S. Supreme Court ruled in *United States v. Booker*, 125 S. Ct. 738 (2005), that the statutory provisions which made up the United States Sentencing Guidelines mandatory violated a defendant's Sixth Amendment rights and excised those sections from the United States Code. The Court in *Booker*, however, did not eliminate the Guidelines. The Guidelines are "advisory" ruled the majority in the so-called "remedy" opinion of the Court authored by Justice Stephen Breyer. Although a district court is still required to consider the sentencing range applicable to a particular person, the Court has the authority to impose a non-guidelines sentence that is "reasonable" under all of the circumstances. *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). The Guidelines are but one of several factors which a sentencing court must consider in imposing sentence. For guidance, the Supreme Court directed sentencing courts to Title 18 U.S.C. § 3443(a).

Even under the post-*Booker* regime, the appropriate Guidelines range may still be considered as "the critical starting point for the imposition of a sentence under § 3553(a)". *United States v. Mashek*, 406 F3d 1012, 1016 n.4 (8th Cir. 2005). And a sentencing judge is "required to consider the relevant guidelines provisions in determining a reasonable sentence". *United States v. Rubenstein*, 403 F3d 93, 98-99 (2d Cir. 2005). However, unless a sentencing judge considers all of the factors set forth in 18 U.S.C. § 3553(a), As well as the applicable Guidelines range, it cannot be concluded that the resulting sentence is "reasonable". See, *States v. Crosby*, supra.

The primary directive in Section 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph e." Section 3553(a)2 states that the purposes are:

> A) to reflect the seriousness of the offense, to promote law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, Section 3553(a) further directs sentencing courts to consider the following factors:

> 1) "the nature and circumstances of the offense and history and characteristics of the defendant" [§ 3553(a)(1)];
>
> 2) "the kinds of sentences available" [§ 3553(a)(3)];
>
> 3) "the need to avoid unwarranted sentence disparities among the defendants with similar records who have been found guilty of similar conduct" [§ 3553(a)(6)]; and
>
> 4) "the need to provide restitution to any victims of the offense." [§3553(a)(7)].

Other statutory provisions also give the district court direction in sentencing. Under 18 U.S.C. § 3582, imposition of a term of imprisonment is subject to the following limitation in determining whether and to what extent imprisonment is appropriate based on Section 3553(a) factors, the court is required "to recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation" (emphasis added). Under 18 U.S.C. § 3661, " no limitation shall be placed on the information concerning the background, character, and conduct of [the defendant which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

### B      Mr. Bhambhani's Good Faith Cooperation Supports a Non-Guideline Sentence

Mr. Bhambhani has been abundantly cooperative, compliant and remorseful from the inception of this matter. Mr. Bhambhani was arrested on July 13, 2017. Notably, Mr. Bhambhani voluntarily, self-surrendered, as soon as feasibly possible, when he learned that a Warrant was issued for his arrest in regards to the instant case. Mr. Bhambhani had traveled to India on July 9, 2017 to visit his ailing mother, who suffered a stroke and requires the assistance of a home nurse, and had planned to visit with her until August 6, 2017; however, immediately after Mr. Bhambhani was apprised of the Warrant for his arrest, he rebooked a ticket and returned to the United States on July 13, 2017, at which time he was arrested.

Furthermore, as a demonstration of his remorse and acceptance of responsibility, Mr. Bhambhani offered to meet with the Government, which he did on three separate occasions; on October 3, 2017, October 10, 2017 and October 17, 2017, each meeting lasting several hours. During these meetings Mr. Bhambhani fully explained the nature of his inappropriate conduct, detailed the manner in which he committed the crime and specified the persons and entities involved during the commission of the crime. Moreover, Mr. Bhambhani, subsequent to the revocation of his bail and resulting detention, continued to comply with the Government, facilitate information to the Government and met with Government once again for several hours on November15, 2017 in furtherance thereof. Thereafter, on February 12, 2018, Mr. Bhambhani accepted responsibility and plead guilty. During the seven months of this criminal litigation, Mr. Bhambhani has consistently been cooperative, compliant and remorseful and he has consistently demonstrated same through his conduct.

## IV. CONCLUSION

It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue. *Gall*, 128 S. Ct. at 598 (2007), quoting *Koon v. United States*, 518 U.S. 81, 113 (1996).

Mr. Bhambhani is a United States Citizen, who immigrated to America in 1992. Mr. Bhambhani has three children, to wit, Ivanka Bhambhani who is 19 years old, Irene Castro who is 18 years old, and Sameer Bhambhani who is 11 years old. Mr. Bhambhani has always supported his three children and continues to support his three children. He has been described as "loving" and "very generous" towards his children, and a good father. Mr. Bhambhani lives very close to his youngest child and is very actively involved in his youngest child's life - seeing him almost daily. The child's mother has "requested leniency at sentencing, as their son needs the defendant to be present in his life." (PSR pg. 13, par. 50).

Mr. Bhambhani also has three sister and his mother who all reside in India. His mother is 86 years old and suffers from COPD and arthritis, and suffered a stroke which has rendered her often times bedridden requiring the assistance of a home nurse. He has a strong bond to his mother and provides her with emotional and financial support.

Mr. Bhambhani understands and takes responsibility for the impact that his conduct has had on himself, as well as on his family. He understands that his poor choices have caused his instant situation and thus, he has sought to be cooperative and compliant as an act of contrition and acceptance of responsibility.

During the course of the instant criminal litigation, Mr. Bhambhani began the process of surrendering his medical license and in fact, Mr. Bhambhani voluntarily surrendered his medical license as of February 16, 2018. A copy of the Surrender of License and Order is attached hereto. Admirably, for more than a decade, it has been publicly reported by the New York State Department of Health that Mr. Bhambhani had a zero percent (0%) death rate in the patients he treated. A copy of the relevant portions of the NYS Department of Health reports are attached hereto.

Mr. Bhambhani takes full responsibility for his conduct and the consequences, however, it should be noted that Mr. Bhambhani reported, as was verified, that in 2010 his alcohol consumption increased on a nightly basis and that he "went to work, 'but not clearly," and that he experienced withdrawal symptoms from alcohol, including tremors and difficulty sleeping when he had to quit alcohol "cold turkey" upon his incarceration on October 31, 2017. I respectfully submit that although Mr. Bhambhani accepts full responsibility for all his conduct and the instant offense, it is important to note that his alcohol use described in the PreSentence Investigation Report may very well have been a contributing factor.

### The Court May Impose Any Sentence it Deems Sufficient but Not Greater Than Necessary to Achieve the Goals of Sentence;

Section 3553(a)(3) directs a sentencing court to consider all of the sentences available in fashioning an individualized sentence in any given case. In this case, a full range of sentences are available for imposition on Mr. Bhambhani, ranging from probation to imprisonment. We respectfully submit that, while probation and home detention is not statutorily mandated, it is nevertheless the single most appropriate sentence given the Supreme Court's recent pronouncements, the mandate of the Sentencing Reform Act ("SRA"), and social and public policy research that recognizes the benefits of punishing individuals through alternatives to incarceration.

In *Gall*, the Supreme Court upheld a sentence of 36 months' probation imposed on a defendant facing an advisory guidelines range of 30 to 37 months imprisonment. In so finding, the Supreme Court explained that "probation is not granted out of a spirit of leniency . . . [and] is not merely letting an offender off easily. . . . [P]robation . . .conditions imposed on an individual can have a significant impact on both that person and society . . ." *Gall*, 128 S.Ct. at 596, n.4 (internal citations and quotation marks omitted). Indeed, the Supreme Court noted that probation – even when imposed without any additional restrictive conditions – is a substantial punishment: "Offenders on probation are nonetheless subject to several standard conditions that substantially restrict their liberty," and that "[m]ost probationers are also subject to individual 'special conditions' imposed by the court," which make the sentence of probation even more severe. Id. at 595-96.

In so finding, the Supreme Court echoed Congress' intention – and direction to the Sentencing Commission – that probation be available to sentencing courts in many cases as, in many cases, probation is the appropriate sentence. In the SRA, Congress explicitly presented probation as a distinct type of sentence with independent value, not simply a lenient option to be used only in extraordinary cases. Congress directed the Commission to "promulgate . . guidelines . . . for use of a sentencing court in determining the sentence to be imposed in a criminal case, including . . . a determination whether to impose a sentence to probation, a fine, or a term of imprisonment." 28 U.S.C. § 994(a)(1)(A) (emphasis added).

While Mr. Bhambhani's offense was certainly serious, there is no evidence that Mr. Bhambhani is a danger to the public and, therefore, imprisonment in a facility is thus unnecessary to fulfill the purposes enumerated in § 3553(a)(2)(C). Moreover, incarceration in a correctional facility is not necessary here to afford adequate deterrence to criminal conduct, since Mr. Bhambhani has already surrendered his medical license. This is ample evidence that a prison sentence in a correctional facility is unnecessary to deter him from any further criminal conduct. See 18 U.S.C.§ 3553(a)(2)(B).

For the foregoing reasons, the Defense respectfully requests that this Honorable Court depart from the guidelines and issue the Defendant a sentence of probation with six months of home detention and six months of incarceration.

Thank you in advance for your consideration.

Respectfully submitted,

_____
Peter Toumbekis, Esq.

_____/s/_____
Jonathan Kaye, Esq.

ENCLS.
cc: AUSA Erin Argo